**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KIM DONG-YOUL; MOON HEE KO, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> PACIFIC INDEMNITY INSURANCE COMPANY, <br><br> Defendant-Appellee. | No.    18-16741 <br><br> D.C. No. 1:17-cv-00018 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, District Judge, Presiding

Submitted February 3, 2020[**]
Honolulu, Hawaii

Before:  FARRIS, McKEOWN, and BADE, Circuit Judges.

We review the district court's denial of summary judgment *de novo*, *United States v. Washington*, 853 F.3d 946, 961–62 (9th Cir. 2017), and we affirm. At this

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

stage, we draw all justifiable inferences in favor of the non-moving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).

Pacific Indemnity Insurance Company insured Plaintiffs-Appellants, whose son, driving a covered vehicle, struck a pedestrian who later died. The insurer covered liability stemming from bodily injury up to a "maximum limit" of $15,000 per person injured. First, although the policy defined "minimum limits" as $25,000, the term "minimum limits" is not included in the section of the policy that addresses bodily injury. The policy is not ambiguous. Plaintiffs-Appellants themselves admitted that the applicable policy limit was $15,000.

Second, under CNMI law, an individual appointed "personal representative" on behalf of the estate may act on behalf of the decedent's survivors in a separate wrongful death action. We only consider whether such action is legally binding. Here, nothing in the CNMI wrongful death statute prohibits an administratrix or any other appointed "personal representative" under the CNMI probate code from serving as personal representative in a wrongful death action. *See* 7 CMC §§ 2101–03. In fact, the CNMI wrongful death statute's history counsels against summary judgment on this issue. It was modeled after the Trust Territory wrongful death statute, 6 TTC §§ 201–03, which permitted estate administrators to act as personal representative in wrongful death actions. *See, e.g.*, *Ho Chan Jung v. Mode*

2

*Tour Saipan Corp.*, No. 2015-SCC-0010-CIV, 2017 WL 6623385, at \*3–4 (N. Mar. I. Dec. 27, 2017); *Ychitaro v. Lotius*, 3 TTR 003, at ¶¶ 32–33 (T.T.H.C. Tr. Div. Jan. 19, 1965). As a result, under CNMI law, the personal representative properly accepted the $15,000 policy limit as settlement on behalf of decedent's survivors, and the insurer has no further obligation under the terms of the policy.

Third, the parties have produced no evidence of any action by the probate court since it appointed the administratrix in 2013. It is unclear whether that court approved the $15,000 settlement, knew of it, impliedly consented, or whether probate is in fact still open. As such, summary judgment in favor of Plaintiffs-Appellants on the issue of probate court approval is improper.

**AFFIRMED.**